IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **Brad Knox,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | **CIVIL ACTION** | |
| v. § | **FILE NUMBER:** | |
| § | | |
| **Roper Pump Company,** § | **1:16-cv-02538-ODE-JSA** | |
| **Hansen Technologies Corporation,** § | | |
| **And Roper Technologies, Inc.** § | | |
| § | | |
| **Defendants.** § | | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes Now Plaintiff, Brad Knox, and, pursuant to Fed.R.Civ.P. 15(a)(1)(B), files this Amended Complaint showing this Court as follows:

### INTRODUCTION

1.

This is a complaint for injunctive relief and money damages against Defendants. Plaintiff's complaint is based upon Defendants' racial discrimination against Plaintiff, actionable under Title VII, 42 U.S.C. §2000(e) *et seq.* and 42 U.S.C. §1981, and Defendants' retaliation against Plaintiff, actionable under Title VII, 42 U.S.C. §2000(e) *et seq.* and 42 U.S.C. §1981.

1

## THE PARTIES, JURISDICTION AND VENUE

2.

Subject matter jurisdiction of this action is conferred upon this Court under the provisions of 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §2000e.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and §1343 and 28 U.S.C. §90, as the claims occurred in this judicial circuit and the Defendant Roper Pump Company's and Defendant Roper Technologies, Inc.'s registered agent for service of process is located in this judicial circuit and division.

4.

Defendant Roper Pump Company ("Roper Pump"), is a corporation conducting business within the state of Georgia.  Said Defendant's business address is at 3475 Old Maysville Road, Commerce, GA 30529.  Unless otherwise stated, Roper Pump includes all of its successors, predecessors, affiliates, and subsidiaries.  Roper Pump may be served with the complaint and summons by serving same upon its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia, 30092, after which service Defendant shall be subject to the *in personam* jurisdiction of this Court.

5.

Defendant Hansen Technologies Corporation ("Hansen"), is a corporation conducting business within the state of Georgia. Said Defendant's business address is at 3475 Old Maysville Road, Commerce, GA 30529. Unless otherwise stated, Hansen includes all of its successors, predecessors, affiliates, and subsidiaries. Hansen may be served with the complaint and summons by serving same upon its registered agent, Chase Rylee, 3475 Old Maysville Road, Commerce, GA 30529, after which service Defendant shall be subject to the *in personam* jurisdiction of this Court.

6.

Defendant Roper Technologies, Inc. ("Roper Technologies"), is a corporation conducting business within the state of Georgia at 3475 Old Maysville Road, Commerce, GA 30529. Unless otherwise stated, Roper Technologies includes all of its successors, predecessors, affiliates, and subsidiaries. Roper Technologies' principal office address is 6901 Professional Parkway East, Suite 200, Sarasota, Florida 34240. Roper Technologies may be served with the complaint and summons by serving same upon its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett

County, Georgia, 30092, after which service Defendant shall be subject to the *in personam* jurisdiction of this Court.

7.

Plaintiff, Brad Knox, is a resident of Georgia, and is a citizen of the United States of America.

## ADMINISTRATIVE PROCEEDINGS

8.

On or about December 16, 2015, and within one hundred and eighty (180) days of the racial discrimination and retaliation complained of, Plaintiff Brad Knox filed a charge of discrimination with the EEOC. (Exhibit "A" hereto). This charge satisfied the requirements of 42 U.S.C. Section 2000e-5(b)(e) that a charge be filed with the EEOC.

9.

On or about April 14, 2016, less than ninety (90) days prior to the filing of this Complaint, the EEOC issued a Notice of Right to Sue to Plaintiff which notice was received by Plaintiff on April 20, 2016. (Exhibit "B" hereto).

## STATEMENT OF FACTS AND CLAIMS

10.

Upon information and belief, Defendant Roper Pump and the other

entities named in this Complaint were Plaintiff's employers within the meaning of Title VII on the basis that they jointly employed Plaintiffs and/or constituted an integrated enterprise, such that they may be held liable to Plaintiff for the actions complained of herein.

11.

All Defendants have the same corporate secretary, Mr. David Liner.

12.

Roper Technologies' website indicates that Roper Pump and Hansen are businesses within Roper Technologies' Industrial Technology Segment.  Roper Pumps website indicates "Roper Pump Company is a division of their [Roper Technologies'] Technology Group."

13.

Roper Pump and Hansen operate in the same facility in Commerce, Georgia.

14.

Roper Pump advised the EEOC that Roper Pump and Hansen are sister companies and that they share one or more employees, including Mr. Knox's daughter.

15.

In its response to the EEOC charge, Roper Pump identified one of the people involved in the meetings with Mr. Knox about the matters at issue in this lawsuit as an employee of Hansen.

16.

Plaintiff is a black male who was employed by Defendants for fifteen years until his termination on October 19, 2015.

17.

On September 29, 2015, Plaintiff was called to the Human Resources office and told he was being suspended pending investigation and a safety assessment because it had been reported that he had been involved in a physical altercation with his adult daughter while he was off duty.

18.

Plaintiff and his daughter were involved in a physical altercation at his home, unrelated to work. Plaintiff's daughter works for Roper Pump. Plaintiff and his daughter did not work with or near each other.

19.

Following the September 29, 2015 meeting with Human Resources, Plaintiff was told that in order to return to work he would have to go to EAP classes for

anger management, which could take five weeks and during which time he would not be paid, or he could resign and receive a severance package. Plaintiff was given until 5:00 the next day (September 30, 2015) to make up his mind.

19a.

The offer to return to work made on September 29, 2015 did not include a requirement that Plaintiff agree to release any claims against any Defendant.

20.

Plaintiff was aware that two white employees (Chad and Phillip) who got into a physical altercation at work were allowed to return to work and continued being paid while they completed EAP anger management classes.

21.

Upon information and belief, Defendants also treated other white employees similarly situated to Plaintiff better than Defendants treated Plaintiff.

22.

Prior to the deadline for deciding whether to resign with a severance or take EAP classes to retain his job, Plaintiff called the employee hotline on September 30, 2015 and complained that he thought he was being treated unfairly based on his race because two white employees had a physical fight at work on company

property and they were allowed to return to their jobs and continue being paid while they completed EAP anger management classes.

23.

Meanwhile, prior to the deadline referenced in the preceding paragraph, Plaintiff called the EAP provider and began the process of signing up for evaluation and any necessary treatment so that he could keep his job.

24.

Before Plaintiff's deadline to make a decision concerning his return to work options, he called Katye Semanson, Director of Human Resources, and told her that he was not accepting the termination with severance pay option, and that instead he had already contacted the EAP facility to begin treatment but they were unclear as to what type of treatment he was supposed to be receiving and he wanted something in writing to know exactly what he was supposed to do in order to return to work.

25.

In the conversation referenced in the preceding paragraph, Plaintiff complained that he was being discriminated against due to his race, because he was being treated more harshly than white employees who were in a fight at work. He was then told that papers would be prepared for his review.

26.

Plaintiff began going to counseling through EAP.

27.

The next week he received a letter dated October 9, 2015 setting out what he needed to do to come back to work. The letter stated that Plaintiff was suspended without pay from work beginning October 7 until he completed anger management classes, gave the company documentation that he had completed the recommended treatment, was cleared to return to work, and released any claims he might have against the company, including any claims for discrimination.  (Exhibit "C").

27a.

After his complaint of racial discrimination, one or more of the Defendants imposed an additional requirement that Plaintiff sign a release of claims as a condition of permitting Plaintiff to return to work.

28.

While Plaintiff had begun the EAP classes required under the first "return to work" agreement offered by Defendants, Plaintiff did not want to sign away his rights in order to come back to work as required by the new term of the agreement which appeared following his complaint of race discrimination.

9

29.

On October 13, Plaintiff advised Defendants that he was willing to comply with everything in the letter except that he was not willing to sign the general release because he felt he was being retaliated against because that term was added after he complained of race discrimination. (Exhibit "D"). He was willing to do everything originally required for him to keep his job.

30.

Plaintiff was sent another letter giving him several more days to make a decision which letter reiterated that he could not come back to work, even if he completed the EAP counseling and was cleared to return to work, unless he signed a release of his discrimination claims. (Exhibit "E").

31.

Mr. Knox retained the services of attorney Janet Hill who called Defendants' in-house counsel, Melanie Nealis, to discuss the matter.

32.

During that conversation, Ms. Nealis confirmed to Ms. Hill that Defendants' initial offer for return to work did not include signing a release.

33.

Ms. Nealis further confirmed that when Mr. Knox contacted Ms. Semanson to get more information about the return to work, Ms. Semanson did not tell Mr. Knox that he would have to sign a release.

34.

Ms. Hill directed Ms. Nealis to *EEOC v. Cognis*, 2012 WL 1893725 (CD IL 2012) in which the EEOC obtained summary judgment in its favor based on the employer requiring a release of claims in order to take advantage of a last chance agreement.

35.

Ms. Nealis stated that Mr. Knox's claim of discrimination had been investigated and that Defendants felt it was baseless, but also said that she did not think the white employees had to sign a release of claims to return to work. She further said that it would be "foolish" for the company to allow Mr. Knox to return to work only to have to defend a "baseless" lawsuit.

36.

Ms. Hill confirmed the conversation by letter, and Ms. Nealis responded by email. (Exhibit "F").

37.

Because Plaintiff would not release his claims, he was fired on October 19, 2015. On October 21, 2015, Plaintiff completed the EAP anger management classes and was given a letter documenting his compliance with the program.

38.

As a direct and proximate consequence of Defendants' unlawful conduct, Plaintiff has suffered lost wages and emotional injury, including mental anguish and embarrassment.

## **COUNT I – RETALIATION (TITLE VII AND 42 U.S.C. §1981)**

39.

Plaintiff restates and incorporates by reference all allegations of paragraphs one (1) through thirty-eight (38) above.

40.

Defendants' retaliatory acts of changing the terms of the return to work agreement to include a release of claims and in refusing to allow a return to work without a release of claims constitute retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000a, and 42 U.S.C. §1981.

41.

As a direct and proximate result of Defendants' violation of 42 U.S.C. §2000a and 42 U.S.C. §1981, Plaintiff suffered damages consisting of, but not limited to, lost wages and other benefits of employment, emotional distress, mental anguish, humiliation and pain and suffering.

42.

Defendants have engaged in this discrimination intentionally and/or with malice and/or reckless indifference to the rights of Plaintiff.

**COUNT II – RACE DISCRIMINATION (TITLE VII AND 42. U.S.C. §1981)**

43.

Plaintiffs restates and incorporates by reference all allegations of paragraphs one (1) through thirty-eight (38) above.

44.

Defendants discriminated against Plaintiff on the basis of his race by refusing to treat him in the same manner they treated white employees in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000a, and 42 U.S.C. §1981.

45.

As a direct and proximate result of Defendants' violation of 42 U.S.C. §2000a and 42 U.S.C. §1981, Plaintiff has suffered damages consisting of, but not

limited to, lost wages and other benefits of employment, emotional distress, mental anguish, humiliation and pain and suffering.

46.

Defendants engaged in this discrimination intentionally and/or with malice and/or reckless indifference to the rights of Plaintiff.

**WHEREFORE**, Plaintiff prays for relief as follows:

1) that process issue against Defendants as required by law;

2) That Plaintiff have trial by jury;

3) That Plaintiff recover for all damages available to him as a result of Defendants' conduct;

4) That Plaintiff recover back pay, front pay, lost benefits, and medical expenses and debt incurred due to lost medical coverage, and lost retirement credit and benefits;

5) That Plaintiff recover compensatory damages in an amount reasonable and commensurate with his economic loss suffered as a result of Defendants' discrimination and the pain and emotional distress imposed upon them by Defendants' intentionally discriminatory acts, and punitive damages in an amount reasonable and commensurate with the harm done and calculated to be a sufficient deterrent to such

   conduct in the future and all other sums and relief to which plaintiff is entitled;

6) That Plaintiff recover pre-judgment interest from Defendants;

7) That Plaintiff recover attorney's fees and expenses of litigation;

8) That this Court enjoin Defendants from any further discriminatory and unlawful conduct and that this Court retain jurisdiction over this action until Defendants have fully complied with the Orders of this Court and that the Court require Defendants to file such reports as may be necessary for the court to supervise compliance; and

9) That Plaintiff have such other relief as he is allowed by any and all applicable laws applicable hereto, and as the Court deems proper and

just.

  RESPECTFULLY SUBMITTED,

**ORR, BROWN & BILLIPS, LLP**

| | |
|---|---|
| Post Office Box 2944 | *s/Kristine Orr Brown* |
| Gainesville, Georgia 30503 | Kristine Orr Brown (Ga. Bar No. 554630) |
| 770-534-1980 | |
| 770-536-5910 (facsimile) | |
| kbrown@orrbrownandbillips.com | **ATTORNEYS FOR PLAINTIFF** |

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **Brad Knox,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION NO. 1:16-cv-** |
| v. | § | **02538-ODE-JSA** |
| | § | |
| **Roper Pump Company,** | § | |
| **Hansen Technologies Corporation,** | § | |
| **And Roper Technologies, Inc.** | § | |
| | § | |
| Defendants. | § | |

### CERTIFICATE OF SERVICE

This is to certify that I have on this day served copies of the attached **Plaintiff's First Amended Complaint** which is typed in Times New Roman 14 point type to the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to counsel of record who is a CM/ECF participant, as follows: Beth A. Moeller (bmoeller@littler.com) and Amy M. Palesch (apalesch@littler.com), Littler Mendelson, P.C., 3344 Peachtree Road, N.E., Suite 150, Atlanta, Georgia, 30326.

This 31st day of August, 2016.

                                              **ORR, BROWN & BILLIPS, LLP**

Post Office Box 2944                *s/Kristine Orr Brown*
Gainesville, Georgia 30503        Kristine Orr Brown (Ga. Bar No. 554630)

770-534-1980                           **ATTORNEYS FOR PLAINTIFF**
770-536-5910 (facsimile)
kbrown@orrbrownandbillips.com